UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 01-8030-Civ-Hurley/Hopkins

DENMORE INVESTMENTS LTD.,

    Plaintiff,

v.

ECOMPRAR NETWORK, INC., f/k/a
SPANISH HOME SHOPPING NETWORK, INC.,
JEFFREY DEWAYNE CHANDLER and
RANDALL JAMES JORDAN,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO ENFORCE JUDGMENT (DE 126)

**THIS CAUSE** has come before this Court upon an Order Referring Plaintiff's Motion to Enforce the Judgment to the undersigned for a Report and Recommendation. (DE 127). In its motion, Plaintiff seeks to have the United States Marshal sell property owned by Defendant Jordan in order to satisfy Plaintiff's judgment against him. (DE 126). Defendant Jordan filed a response to the motion on April 11, 2008. (DE 136). This motion is now ripe for this Court's review.

**I.  Background**

In its Complaint, Plaintiff alleged that Defendants engaged in securities fraud by intentionally misrepresenting the existence and success of the Spanish Home Shopping Network (SHSN) to attract investors, including Plaintiff. Plaintiff alleges that Defendant Randall James

Jordan was the Vice President, Secretary and a board member of SHSN, who at one time owned 8 million shares of the company.  Between March and June of 2000, Plaintiff entered into two Subscription Agreements whereby it purchased $2 million dollars worth of stock in SHSN.  In September of 2000, Plaintiff also entered into a Bridge Loan whereby it agreed to lend Defendants another $1 million dollars to be used in the development of the company.  (DE 1).

On October 30, 2002, Plaintiff obtained a jury verdict against the Defendants in the amount of $3 million dollars, plus an additional $1.5 million dollars in punitive damages against each of the three defendants.  (DE 83).  The following day, the District Court issued a Final Judgment for Damages.  (DE 85).[1]  Plaintiff recorded a certified copy of the judgment in the Palm Beach County recorder's office on November 8, 2002. (DE 131, Exhibit B).  With the instant motion, Plaintiff states that "[t]he Final Judgment has not been satisfied and remains valid and outstanding."  (DE 126 at ¶ 2).

According to Plaintiff, Defendant Jordan owns an interest in real property located at 825 Center Street, Unit 54-D, Jupiter Florida.  Plaintiff has provided a deed dated April 3, 2006 evidencing Jordan's purchase of the property.  Based on this information, Plaintiff's motion seeks an order directing the U. S. Marshall to sell Defendant Jordan's interest in the property at a public auction to the highest bidder and use the proceeds to satisfy the judgment.  (DE 126).

After Plaintiff filed its motion, it became apparent that the Court did not have a current address for Defendant Jordan.  Thus, this Court has entered numerous Orders since Plaintiff filed its motion on January 4, 2008, all in an effort to determine Defendant Jordan's address so that he

---

[1] In June 2004, at Plaintiff's request, the judgment was amended to correct the identification and address of the judgment creditor.  (DE 118).

2

could be served with Plaintiff's motion. On April 11, 2008, Defendant Jordan filed an affidavit advising the Court of his current address (the same address as the property that Plaintiff seeks to have sold)[2] and explaining that although he had not personally advised the Court of his address changes, he had notified Plaintiff's counsel who had assured him that they would notify the Court. (DE 136). Suffice it to say, the Court was not advised of Defendant Jordan's address changes and thus, he did not receive copies of Plaintiff's Motion to Enforce the Judgement, nor copies of any Orders issued by this Court, until April 2008.

Once the confusion over Defendant Jordan's address was resolved, the Court could focus on the merits of Plaintiff's motion to enforce the judgment. To that end, Defendant Jordan's April 11, 2008 affidavit states that the property which is the subject of Plaintiff's pending motion is, in fact, his residence. In addition, on May 9, 2008, Defendant Jordan filed a copy of his Designation and Declaration of Homestead Affidavit, which he recorded in the Palm Beach County recorders's office on May 5, 2008, as proof that the property is his residence. (DE 143). Based on the foregoing, Defendant Jordan claims that pursuant to Florida's Homestead Exemption, the property cannot be sold to satisfy Plaintiff's judgment. (DE 136).

Additionally, the Court recently became aware that the certified copy of the final judgment which Plaintiff had recorded in the Palm Beach County recorder's office on November 8, 2002 (DE 131, Exhibit B) did not list the proper creditor's name and address. In fact, Plaintiff moved the District Court in June 2004 to amend the final judgment to list the correct creditor and its address in order to comply with Florida's statutory requirements for obtaining a lien. (DE 115). Plaintiff's motion was granted and the District Court amended the final judgment. (DE

---

[2] Defendant Jordan's current address is 825 Center Street, Unit 54D, Jupiter, Florida.

118).  However, there is no evidence that the corrected final judgment was ever filed in the Palm Beach County recorder's office.

In light of Defendant Jordan's averment that the property Plaintiff sought to have sold was his homestead residence and the evidence suggesting that a valid lien did not exist, the Court issued another Order to Show Cause on April 16, 2008, directing Plaintiff to demonstrate why this Court should not recommend that its motion to enforce the judgment be denied: (1) for its failure to obtain a valid lien and (2) because the property sought to be used to satisfy the judgment is exempt under Article X, Section 4(a)(1) of the Florida Constitution.  (DE 140).  The Court directed Plaintiff to file its response no later than April 28, 2008.  To date, no response has been filed.

**II.  Discussion**

It is well settled under Florida law that the "rendition of [a] judgment alone does not create a judgment lien on real property."  Marshall C. Deason, Jr. & John N. Pappanastos, *Perfection of Judgment Liens*, The Florida Bar § 5.8 (2007).  Rather, pursuant to Florida Statute § 55.10, a lien on real estate is only created when a certified copy of a Final Judgment is recorded in the official records or judgment lien record of the county where the property is located.  *See* Fla. Stat. § 55.10 (2004).  *See also* 32A Fla. Jur. 2d Judgments and Decrees § 429 (2008)("[n]o judgment or decree becomes a lien on real estate until a certified copy of it is recorded in the . . . county in which the land lies").

Moreover, "[t]he plain language of § 55.10(1), Fla. Stat., requires a judgment creditor to provide its address along with a certified copy of the judgment for an effectual judgment lien to

be fixed on real property." *In re Lee*, 223 B.R. 594, 598 (Bankr. M.D. Fla.1998). Failure to do so renders a judgment lien "fatally defective." *Id.* (creditor's failure to provide an address on recorded judgment rendered lien invalid).

However, even if a judgment lien is properly recorded and includes the creditor's address, the lien is "subject to certain exemptions." Deason, et al., *Perfection of Judgment Liens* at § 5.15. Particularly relevant here is Article X, Section 4(a) of the Florida Constitution, which states that a person's homestead property "shall be exempt from forced sale" with only limited exception. Indeed, courts have "long emphasized that the homestead exemption is to be liberally construed in the interest of protecting the family home." *In re Financial Federated Title and Trust, Inc.*, 347 F.3d 880, 886 (11th Cir. 2003). Once a claim of homestead exemption is made, "[t]he burden is on the objecting party to establish that the claimant is not entitled" to the exemption. *In re Lee*, 223 B.R. at 599. *See also In re Edwards,* 356 B.R. 807, 810 (Bankr. M.D. Fla. 2006)("[a]ny challenge to the homestead exemption claim places a burden on the objecting party to make a strong showing that the Debtor is not entitled to the claimed exemption")(citation omitted); Deason, et al., *Perfection of Judgment Liens* at § 5.15 ("[a]fter receiving the debtor's affidavit designating homestead property, the [Marshal] has no discretion to proceed with the sale of that property").

Here, given that the date for responding to this Court's Order to Show Cause has passed and Plaintiff has failed to submit any response, much less demonstrate that it has a valid lien or that Defendant Jordan is not entitled to claim the homestead exemption, this Court recommends that Plaintiff's motion to enforce the judgment be **DENIED**. *See Legion Ins. Co. v. Continental Cas. Co.*, 190 F.Supp.2d 724, 725 (D. Del. 2002)(in response to plaintiff's motion for a default

judgment court issued Order to Show Cause to plaintiff to provide additional information; when plaintiff failed to respond to court's order, court denied plaintiff's motion).

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers this 15 day of May, 2008, at West Palm Beach in the Southern District of Florida.

*/s/ James M. Hopkins*
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to: The Hon. Daniel T. K. Hurley, District Court Judge
Counsel of Record
Randall James Jordan, *pro se*
Jeffrey Dwayne Chandler, *pro se*